## Bauer v. Moore, Appellant.

*Negligence—Automobiles—Collision—Conflicting testimony.*

In an action to recover damages for injuries to an automobile sustained in a collision with defendant's automobile, a verdict and judgment for plaintiff will be sustained where the evidence for the plaintiff, although contradicted, tended to show that the defendant's chauffeur was negligent in not stopping his car in time to avoid the accident.

Argued Oct. 1, 1917. Appeal, No. 252, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., June T., 1915, No. 208, on verdict for plaintiff in case of John Bauer v. G. M. Moore. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before CRANE, J.

At the trial it appeared that on the afternoon of April 8, 1915, plaintiff's and defendant's automobiles collided while they were being operated on the Northeast Boulevard in the City of Philadelphia.

The court charged in part as follows:

[The Supreme Court has stated that where the truth of testimony can be ascertained with mathematical accuracy, the jury must accept such testimony as a verity; they cannot disregard it; and any verdict that is based on any other consideration would, of course, be invalid and improper.

Now, taking the testimony of the defendant in this case, the defendant's chauffeur testified that the plaintiff's car had stopped for ten or twelve seconds before the impact or collision. He testified to that as a fact. The defendant's witnesses, both the chauffeur and the passenger in the car, Sarah Matthews, testified that they were traveling twelve or fifteen miles an hour on that occasion. Now, accepting that as true, if they were traveling twelve miles—we will take the minimum of speed—twelve miles an hour, and the plaintiff's car, which was ahead of them, had stopped for ten seconds—taking the minimum time—which operates to the advantage of the defendant—if that car had stopped for ten seconds, it is incontrovertible that the distance that separated the defendant's car from the plaintiff's car at the time plaintiff's car stopped, was over one hundred and seventy feet, considerably over fifty yards. It could not be otherwise, because at the rate of twelve miles an hour, the defendant's car

537, (1917).]   Charge of Court below—Opinion of the Court.

was traversing seventeen and six-tenths feet per second, and at seventeen and six-tenths feet per second for a period of ten seconds, by a common matter of multiplication, means that during that ten seconds the defendant's car traveled over one hundred and seventy feet. Now, the defendant further testified that at the rate of speed at which he was proceeding, he could have stopped his car within a distance of seven feet. If he could have stopped his car within a distance of seven feet, and he said he was going twelve to fifteen miles an hour, between seventeen and six-tenths feet per second, and twenty-two feet per second, and that the plaintiff's car stopped for a period of ten or twelve seconds before the collision, you see that he traveled considerably over one hundred and fifty feet from the instant the plaintiff's car stopped, whereas he should have stopped his car, according to his testimony, within a distance of seven feet. Bear that in mind.]

Verdict and judgment for plaintiff for $112.98. Defendant appealed.

*Errors assigned* were portions of charge as above quoting them.

*W. H. Woodward,* for appellant.

*B. H. Wolf,* with him *Ed. W. Wells,* for appellee.

Opinion by Head, J., December 13, 1917:

The case before us is one of a constantly growing class, in which no principle of law, interesting or useful to the profession or to the people of the Commonwealth, could be declared. In affirming the judgment of the court below, we do not intend to assert, as the view of this court, that the correctness of a verdict and judgment in a negligence case, can be or should be conclusively determined by a mathematical proposition. Such a foundation for a judicial judgment is often insecure.

But it is sufficient to say in this case an examination of the entire record discloses no reversible error.

Judgment affirmed.